## MATTER OF CHUNG

### In Section 248 Proceedings

### A-21265035

*Decided by Regional Commissioner June 4, 1976*

(1) Under section 101(a)(15)(E)(ii) of the Immigration and Nationality Act, in order to qualify for classification as a treaty investor, and alien must establish that he has invested or is actively in the process of investing a substantial amount of capital in an enterprise in the United States.

(2) An application filed under section 248 of the Act for change of nonimmigrant classification from visitor to treaty investor as defined by section 101(a)(15)(E)(ii) of the Act was denied where applicant's only showing was that he intended to invest $10,400 on deposit in a savings account, in a shoe manufacturing business, because mere intent to invest does not meet the requirement of the Act.

ON BEHALF OF APPLICANT: Pro se

This case is before the Regional Commissioner on appeal from the decision of the district director who denied the application basically because the applicant has not established that he made an investment or is in the process of making an investment to qualify for treaty investor status. The district director also points out that the applicant had a preconceived plan to obtain treaty investor status at the time of his entry into the United States as a nonimmigrant visitor for business.

In the applicant's statement submitted on appeal, he claimed that he did not know he could invest prior to the Service's approval of his change of status to treaty investor, nor was it necessary for him to invest for one year after obtaining that status. He considered his fifteen years of experience in the export-import business as sufficient qualification for treaty investor status.

The record in this case reflects the applicant is a 44-year-old native and citizen of Korea. He last entered the United States on May 22, 1975 as a nonimmigrant visitor for business representing the Il Jin Industrial Company, Ltd., Seoul, Korea. He obtained extensions of his temporary stay until September 20, 1975. The applicant, in an interview with an officer of the Service on September 16, 1975, admitted that his entry as a nonimmigrant visitor for business was to enable him to transfer funds to the United States for the purpose of becoming a treaty investor.

That portion of the pertinent statutory provisions relating to the status the applicant is seeking is contained in section 101(a)(15) of the

Immigration and Nationality Act, which includes among the classes of nonimmigrants the following:

> (E) An alien entitled to enter the United States under and in pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national, and the spouse and children of any such alien if accompanying or following to join him; . . . (ii) solely to develop and direct the operations of an enterprise in which he has invested, or of an interprise in which he is actively in the process of investing, a substantial amount of capital.

Also that portion pertinent to this case in the text of 22 CFR 41.41(a), which states:

> *41.41 Treaty Investors*
> (a) An alien shall be classifiable as a nonimmigrant treaty investor if he establishes to the satisfaction of the consular officer that he qualifies under the provisions of section 101(a)(15)(E)(ii) of the Act, and that . . . (2) He is an alien who has invested capital in a bona fide enterprise and is not seeking to proceed to the United States in connection with the investment of a small amount of capital in a marginal enterprise solely for the purpose of earning a living.

The other portions of the above text have been omitted for the sake of brevity, since they are not an issue in this matter. We will concern ourselves with the basic area of dispute, that the applicant failed to establish that he meets the requirement of the statute as quoted above.

In the *Matter of Heitland*, 14 I. & N. Dec. 563 (1974), it was determined that funds deposited in an idle bank account cannot be considered part of an investment. The record is clear that the applicant has only offered evidence that he has $10,400 in a savings account, but has submitted no record to indicate he has invested or is actively in the process of investing in a business. To the contrary, he admits that his money is idle in a savings account.

The applicant was given an opportunity to present evidence in support of his application. He was instructed to submit such documents as lease contracts, how the money would be invested and other sources of income concerning his investment in the Il Jin Industrial Company, Ltd. The applicant claims his investment would consist of a shoe manufacturing factor, but submitted no evidence to support his claim. It is obvious that $10,400 would be less than substantial for such an enterprise.

After careful review of the entire record, including the statement submitted on appeal, it is concluded that the district director's decision to deny the application is correct. The appeal shall be dismissed.

ORDER: *It is ordered* that the appeal be dismissed.